UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Dinah Lambert,<br><br>    Plaintiff,<br>v.<br><br>National Management Recovery Corp; and DOES 1-10, inclusive,<br><br>    Defendant. | Civil Action No.: 1:16-cv-01290<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Dinah Lambert, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Dinah Lambert ("Plaintiff"), is an adult individual residing in Indianapolis, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant National Management Recovery Corp ("National"), is a business entity located in Coral Springs, Florida, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. National Engages in Harassment and Abusive Tactics**

11. On or about January 20, 2016, National called Plaintiff's cellular telephone in an attempt to collect the Debt.

12. During the initial conversation, National threatened to file a lawsuit against Plaintiff if the Debt was not paid that day and in a subsequent conversation falsely stated that National was filing court papers during the conversation.

13. During the aforementioned conversation, Plaintiff stated she would contact an attorney and in response a collector told Plaintiff to tell her attorney that Plaintiff was irresponsible and couldn't pay her bills.

14. To date, National has not filed any legal action against Plaintiff.

15. Additionally, National failed to send Plaintiff written documentation regarding Plaintiff's right to dispute the Debt.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

18. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the legal status of the debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants; and

3. Such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED ON ALL COUNTS

Dated: May 25, 2016

        Respectfully submitted,

        By /s/ Amy L. Cueller

        Amy L. Cueller, Esq., #15052-49
        The Cueller Law Office
        Inland Building
        156 E. Market Street, Suite 600
        Indianapolis, IN 46204
        Telephone (317) 225-4588

Facsimile: (317) 245-0204

Of Counsel to:
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff